# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MICHAEL ZAMORA,**

        Petitioner,

vs.                                                     **No. CIV 98-1143 LH/LCS**

**TIM LEMASTER, Warden,**

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Respondent's Motion to Dismiss, filed on December 7, 1998. The Court, having reviewed the pleadings and the applicable law, proposes finding that the Motion is well taken and recommends that it be GRANTED.

Petitioner Michael Zamora ("Zamora") was convicted of aggravated battery with a deadly weapon on June 14, 1995. His appeal was denied by the New Mexico Court of Appeals, and his petition for a writ of *certiorari* was denied by the New Mexico Supreme Court on July 11, 1996. On September 18, 1998 he filed a petition in federal court for a writ of *habeas corpus* pursuant to 28 U.S.C. Sec. 2254.

The issue in this case is whether the petition is time-barred. Under the Antiterrorist and Effective Death Penalty Act, 28 U.S.C. Sec. 2244(d)(1), a petition must be filed within one year of the latest of the following four dates:

A. the date the judgment became final by the conclusion of direct review, or by the expiration of the time for seeking such review;
B. the date any impediments by the state to the filing of the federal petition are removed;
C. the date the constitutional right upon which the Petitioner relies was initially recognized by the Supreme Court, or
D. the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

Respondent Tim LeMaster ("the State") contends that subsection (d)(1)(A) supplies the latest date. Under United States Supreme Court Rule 13(3), Zamora had 90 days from July 11, 1996, the date the New Mexico Supreme Court denied his petition for a writ of certiorari, to file for direct review. He did not file, so the statute of limitations began running on October 9, 1996. The one-year period expired on October 9, 1997, but he did not file his federal *habeas corpus* petition until September 18, 1998. Accordingly, the State contends it is time-barred.

Zamora contends that subsection (d)(1)(B) supplies the latest date. He argues that under 28 U.S.C. Sec. 224 (d)(2), the one year statute of limitations is tolled during the pendency of state *habeas corpus* proceedings. He further contends that he attempted to file his state *habeas corpus* petition on June 21, 1997, but that, for various technical reasons, the State refused to accept it until December 9, 1997. He contends that their refusal to accept his petition for filing constituted an impediment to his filing his federal petition, because his federal petition would be futile unless he exhausted his state remedies.

While the Court believes that Zamora's argument has merit, it makes no difference in the outcome of the case. Even tolling the entire time from June 21, 1997, the date he attempted to file his state *habeas corpus* petition, to May 5, 1998, the date that petition was denied by the State Supreme Court, still means that the one-year statute of limitations ran from October 19, 1996 until June 21, 1997, a period of eight months; and from May 5, 1998 until September 18, 1998, a period of four and a half more months. Since the petition in this case was filed two weeks after the one-year statute of limitations expired, I recommend that the State's Motion to Dismiss be granted.

Within ten days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections. A party must file its objections within the ten day period allowed if the party desires

district Court review of the Magistrate Judge's Proposed Findings and Recommended Disposition; if no objections are filed, no review will be conducted.

_____
Leslie C. Smith
United States Magistrate Judge